IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **OMNITEK PARTNERS, LLC,**<br>    Plaintiff, | Civil Action No. 1: 24-cv-2349 |
| v. | |
| **RAFAEL U.S.A., INC.,**<br>    Defendant | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Omnitek Partners, LLC ("Omnitek" or "Plaintiff") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,686,325 ("the '325 patent") or ("the Patent-in-Suit") by Rafael U.S.A., Inc., ("Rafael" or "Defendant").

I.      THE PARTIES

1.      Plaintiff Omnitek Partners, LLC is a New York Limited Liability Company with its principal place of business located in Ronkonkoma, New York. Omnitek is a small company that manufactures and develops equipment for the defense industry.

2.      On information and belief, Rafael is a corporation organized under the laws of the State of Delaware with an office at least at: 6903 Rockledge Dr., Bethesda, MD 20817. On information and belief, Rafael sells and offers to sell products and services throughout Maryland, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Maryland and this judicial district. Rafael can be served with process through their registered agent, CSC-Lawyers Incorporating Service Company, 7 Paul Street, Suite 820, Baltimore, Maryland 21202, or wherever they may be found.

1

## II.     JURISDICTION AND VENUE

3.     This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

4.     This United States District Court for the District of Maryland has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Maryland.

5.     Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Maryland.

6.     Defendant has committed acts of infringing the patent-in-suit within this District and the State of Maryland by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Maryland, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Maryland. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Maryland.

7. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Maryland and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Maryland and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the District of Maryland that Defendant knew would be used within this District, and by soliciting business from the residents of the District of Maryland. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business at: 6903 Rockledge Dr., Bethesda, MD 20817, and directly and through agents regularly does, solicits, and transacts business in the District of Maryland.

8. The amount in controversy exceeds $75,000 exclusive of interests and costs.

9. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business.

## III. INFRINGEMENT

**Infringement of US Patent 8,686,325**

10. On April 1, 2014, U.S. Patent No.8,686,325 ("the '325 patent", attached as Exhibit A) entitled "Remotely Guided Gun-Fired and Mortar Rounds," was duly and legally issued by the U.S. Patent and Trademark Office. Omnitek owns the '325 patent by assignment.

11. The '325 patent relates to novel and improved methods and devices for guiding a gun-fired or mortared round towards an intended target.

12. Rafael offers for sale, sells and manufactures one or more devices for guiding a gun-fired or mortared round towards an intended target that infringe one or more claims of the '325 patent, including one or more of claims 1 – 29, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '325 Patent into service (i.e., used them); but for Defendant's actions, the claimed-invention embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefits from it.

13. The Accused Instrumentalities include but are not limited to; Rafael's Spike missile system, in particular the Spike NSOL missile system, guiding a gun fired or mortared round towards an intended target.

14. Support for the allegations of infringement may be found in the the chart attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

15. Defendant has induced infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., guiding a gun-fired or mortared round towards an intended target) and related services that provide question and answer services across

the Internet such as to cause infringement of one or more of claims 1- 29 of the '325 patent, literally or under the doctrine of equivalents.  Defendant has encouraged and instructed others on how to use the products showing specific intent. Moreover, Defendant has known of the '325 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

16. Defendant has contributorily infringed the '325 patent. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., guiding a gun-fired or mortared round towards an intended target) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1 - 29 of the '325 patent, literally or under the doctrine of equivalents.  Rafael has encouraged and instructed others on how to use the products showing specific intent.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '325 patent and the technology underlying it from at least the filing date of the lawsuit.  For clarity, direct infringement is previously alleged in this complaint.

17. Defendant has caused Omnitek damage by direct and indirect infringement of (including inducing infringement of) the claims of the '325 patent.

## IV. CONDITIONS PRECEDENT

18. Plaintiff has never sold a product according to the claims of the '325 patent. Plaintiff has no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason, Plaintiff has taken reasonable steps to ensure marking of licensees producing a patented article. Plaintiff has entered into settlement agreements that include a license. However, no party in the previous

settlement agreements agree that they were infringing any of Plaintiff's patents, including the '325 patent.

19. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus do not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiif prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '325 patent through selling, offering for sale, manufacturing, contributing, and inducing others to infringe at least by using and instructing to use Rafael's Spike, in particular the Spike NLOS missile system, for guiding a gun-fired or mortared round towards an intended target;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

    c.      award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

    d.      declare this case to be "exceptional" under 35 U.S.C. § 285 and award Omnitek its attorneys' fees, expenses, and costs incurred in this action;

    e.      declare Defendant's pre lawsuit infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284 if Plaintiff proves that the infringement was deliberate or intentional; and

    f.      award Omnitek such other and further relief as this Court deems just and proper.

DATED: August 13, 2024            Respectfully submitted,

**Hecht Partners LLP**

*/s/ Tremayne Norris*
Tremayne Norris
D. Md. Bar No. 31232
tnorris@hechtpartners.com
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 851-6821 (telephone)

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III (*pro hac vice* forthcoming)
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)

***Attorneys for Omnitek Partners, LLC***